Granger, C. J.
In the years 1858,1859,1860 and 1862, several creditors recovered judgments against the “ Iron Yalley Furnace Company,” a partnership, under the act of Feb. 27,1846'(S. & C. 1138). The partnership became insolvent, and ceased to do business as a firm, about 1860. All of said judgments were assigned to Wellington Hawkins. On September 6, 1873, he began an action under section 4 of said act “to charge the individual property of the persons composing said company.” The defendants answered : First, that, “ the plaintiff’s supposed causes of action, nor any, nor either of them did not accrue to the plaintiff within six years next before the commencement of this suit; ” and a second defense set up in like words the bar of ten years. To these defenses, and to the answer as a whole, the plaintiff demurred. The Common Pleas overruled the demurrer, and, the cause being submitted without a reply, dismissed the action. On appeal, the District Court *38 also overruled the demurrers, and on a like submission, dismissed the action at- plaintiff’s costs. He asks a reversal of this judgment.
After Feb. 27, 1846, a creditor of an Ohio partnership could, at pleasure, sue under the act of that date, or under the practice act, making all the partners, in person, defendants. The first course gave him a judgment against the firm and execution against partnership property; the second resulted in a judgment against the partners, and executions on which property of each partner, as'well as partnership effects, could be seized. In either judgment the original cause of action was merged. Either judgment was complete in itself,— equal in vitality, and could be sued upon, or revived, by like proceedings. To maintain the judgment against the firm in all its original force and effect precisely the same processes were at the command of the judgment creditor, as would have been available on a judgment againt the partners. An action to maintain or to revive the judgment against the firm, so as to give full effect to all its attributes as a judgment, (against a firm, applicable to firm property,) was subject to no bar that did not equally apply to a judgment against the partners, in the other form of action.
Section 4, of the act of 1846, looking to the probable failure to enforce payment of the judgment against the firm, authorized the creditor to begin another action, by “ a bill in chancery against the several members” of the firm, “setting forth his judgment and the insufficiency of the partnership property to satisfy the same ; and to have a decree for the debt and an award of execution against all such persons, or any of them, as may appear to have been members of such company, association, or firm.” Section 605 of the code of civil procedure (S. & 0., 1132) made this “ bill in chancery ” a “ civil action.”
This action did not attempt, in any way, to affect the original force of the judgment against the firm. Its existance continued unaltered. It applied to a defendant that, —for the purposes of said judgment — was so like a corpora *39 tion, that it is difficult to state why it was not, to that extent, a corporate body. The new action sought other defendants, and other property, to be taken under a new judgment. The “ decree ” of the act of 1846 must, under section 605 of the code, be named “ a judgment.”
The original cause of action was merged in the firm judgment. The new suit was not “ an action on a judgment” such as was free from the application of the statute of limitations; because, as already said, it was not a proceeding to maintain, or enforce, the original power of that judgment. In fact the new action may be called “ an action notwithstanding the judgment.” The judgment itself remained a bar to any such action, so long as there was enough partnership property to pay it.
We think the action is not “upon a liability created by statute, other than a forfeiture or penalty.” The act of 1846 was substantially amendatory of, and supplementary to, the practice act. The members of the firm, by contracting with their creditor, and failing to pay the debt when due, gave him a right to proceed against them in either mode; i. e., to push them personally at the outset under the ordinary practice; or, eventually, by action after judgment against the firm, under this act. The act created no new liability ; it authorized an additional mode of enforcing the liability created by the acts of the parties. Its title names it “ An act in aid of the law regulating suits by and against partners.” We would say it created a new remedy. At first view, it might seem that the action should be considered as based in some way upon the original cause of action. But a judgment against a firm may be rendered upon a dozen different causes of action, each falling due at a date different from the others ; no two subject to the same bar. A verdict and judgment merges all in one sum. The firm assets may pay this sum in part before suit brought against the partners. It would be impossible, in such a case, to determine to what cause, or causes of action, the unpaid part of the judgment belongs; and therefore impossible to apply the bar of the original causes of action.
*40 Section 18 of the civil code of 1858, describes “ An action for relief not hereinbefore provided for.” The new remedy created by section 4, of the. act of 1846, is literally “ an action for relief;” and it is not “hereinbefore provided for ” unless it is based upon a “specialty.” But the court, in Tyler's Executors v. Winslow, 15 Ohio St., 366, 367 and 368, so strongly argues that the word “ specialty,” as used in Ohio Limitation Acts, does not embrace a judgment, that we feel constrained to hold that Stockwell v. Coleman (10 O. S., 33), has no application to this case, and that this is not an action upon a specialty. We decide that the answer setting up the ten years bar was a complete and valid defence, and therefore the judgments rendered by the courts below are

Affirmed.